UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY DEQUAN BROOME,

        Petitioner,

Case No. 2:20-cv-13282

HONORABLE STEPHEN J. MURPHY, III

v.

CONNIE HORTON,

        Respondent.

_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS [1]**

Petitioner Corey Dequan Broome, a Michigan prisoner, petitioned for writ of habeas corpus under 28 U.S.C. § 2254. ECF 1. A jury convicted Petitioner in State court of assault with intent to do great bodily harm, felon in possession of a firearm, carrying a concealed weapon, and two counts of commission of a felony with a firearm. *Id.* at 1–2. The State court sentenced Petitioner to twenty-five to fifty years' imprisonment for the assault conviction and lesser terms for the other offenses. *Id.* at 2. Petitioner then filed the present petition and raised seven grounds for granting him a writ of habeas corpus. *See generally id.* For the following reasons, the Court will deny the petition.

**BACKGROUND**

The case arose from a collision between Petitioner's vehicle and a vehicle driven by a man named Herbert Pippen in January 2015. ECF 6-5, PGID 230. Both men exited their vehicles with handguns concealed in their clothing. *Id.* at 232. After

1

a brief exchange, Petitioner shot Pippen and immediately left the scene. *Id.* at 235. Petitioner was charged with multiple firearm and assault offenses. *Id.* at 222.

Petitioner claimed that he shot Pippen in self-defense after Pippen threated him with a gun. ECF 6-6, PgID 284. He admitted, however, that he knew he was driving on a suspended license, that the car was not insured, and that he was not permitted to possess a firearm because he was convicted felon. *Id.* at 280.

Pippen claimed that Petitioner shot him after Pippen requested Petitioner's contact information. ECF 6-5, PgID 233. Pippen alleged that as he turned back to his vehicle to retrieve his phone, he heard gunshots, felt an impact, and saw blood running down his arm. *Id.* at 234. Pippen then went to the hospital, where he was treated for a gunshot wound that had entered him from behind and gone through his arm and into his torso, severing an artery and causing significant blood loss. ECF 6-6, PgID 263.

A jury found Petitioner guilty of assault with intent to commit great bodily harm, felon in possession of a firearm, carrying a concealed weapon, and two counts of commission of a felony with a firearm. *Id.* at 299–300. The State trial court sentenced Petitioner as a fourth habitual felony offender to twenty-five to fifty years for the assault conviction, consecutive two-year terms for the two felony-firearm convictions, and concurrent terms of five to twenty-five years for the felon in possession and carrying a concealed weapon convictions. ECF 6-7, PgID 312–13.

Petitioner appealed to the Michigan Court of Appeals. ECF 6-10. He argued that (1) his sentence violated the Eighth Amendment's prohibition against cruel and

2

unusual punishment, (2) resentencing was warranted because fourth habitual felony offender status was not supported by facts that were proven beyond a reasonable doubt before the jury, and (3) the sentence on the felony-firearm charges was incorrectly ordered to run consecutively to both their predicate offenses and other predicate offenses. *See id.* at 472, 478, 482. The court affirmed Petitioner's sentence. *People v. Broome*, No. 328310, 2017 WL 461260 (Mich. Ct. App. Feb. 2, 2017). Petitioner applied for leave to appeal to the Michigan Supreme Court, raising the same three claims, but was denied. *People v. Broome*, 501 Mich. 862 (2017).

Petitioner then moved for relief from judgment in the State trial court. ECF 6-8. Petitioner raised five issues, all centered around the claim that he was denied effective assistance of counsel. *See generally id*. The State trial court denied the motion. ECF 6-9. Petitioner appealed to the Michigan Court of Appeals but was denied "because defendant has failed to establish that the trial court erred in denying the motion for relief from judgment." ECF 6-12, PgID 527. And the Michigan Supreme Court again denied review because Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Broome*, 506 Mich. 1025 (2020). Petitioner then filed the present petition.

## LEGAL STANDARD

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who raise claims previously adjudicated by State courts must "show that the relevant [S]tate-court 'decision' (1) 'was contrary

to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The focus of this standard "is not whether a federal court believes the [S]tate court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating [S]tate-court rulings and demands that [S]tate-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotation marks and quotation omitted). Ultimately, "[a] [S]tate court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the [S]tate court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks and quotation omitted). Additionally, a State court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the [S]tate court," *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## DISCUSSION

Petitioner made seven arguments in his petition. *See* ECF 1. The Court will address each argument in turn.

I. <u>Eighth Amendment</u>

Petitioner argued that his mandatory minimum twenty-five-year sentence constituted cruel and unusual punishment under the Eighth Amendment. ECF 1,

PgID 5. The Eighth Amendment prohibits sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003) (quotation marks and quotation omitted). But "the gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003). And a sentence that falls within the maximum penalty range authorized by a statute "generally does not constitute cruel and unusual punishment." *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quotation marks and quotations omitted).

Here, the twenty-five-year mandatory minimum for Petitioner's sentence is not unconstitutionally disproportionate to the crimes he was convicted of in violation of the Eighth Amendment. Petitioner fired multiple shots at Pippen while Pippen's back was turned, then fled the scene. The bullet that struck Pippen likely would have killed him had he been unable to seek immediate medical attention. And Petitioner knew he was not allowed to carry a weapon at the time of the incident. Based on the facts, the application of a twenty-five-year minimum sentence—which is within the penalty range authorized by statute—was not grossly disproportionate. Petitioner's claim lacks merit.

II.  Sixth Amendment

Petitioner argued that the State trial court violated his Sixth Amendment right to a jury trial when it determined that Petitioner was subject to enhanced sentencing as a fourth habitual felony offender. ECF 1, PgID 5, According to Petitioner, the prosecution did not prove to the jury beyond a reasonable doubt that Petitioner had

5

three or more prior felonies. *Id.* Thus, the application of fourth habitual felony offender status was unwarranted. *Id.* But the Supreme Court has clearly established that "the fact of a prior conviction" need not be proven to a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Petitioner's claim thus fails because it contradicts clearly established precedent.

III.  Ineffective Assistance of Trial Counsel

Petitioner argued that his trial counsel was ineffective for failing to ensure that the jury was properly instructed regarding self-defense. ECF 1, PgID 3. Specifically, Petitioner claimed that the State trial court instructed the jury that self-defense was a defense to assault with intent to commit murder but did not explicitly instruct the jury that the defense of self-defense *also* applied to the lesser offense of assault with intent to commit great bodily harm. *Id.* According to Petitioner, because the jury acquitted him of the greater charge but convicted him of the lesser charge, they must have believed that the defense of self-defense did not apply to that lesser charge. *Id.*

To prove ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient and that (2) the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Put another way, a petitioner must show ""a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 (quotation omitted). And "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In sum, the *Strickland*

6

standard is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and quotation omitted). Indeed, obtaining relief under *Strickland* is even more difficult under AEDPA because "the standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (cleaned up).

Petitioner's argument fails. Petitioner cannot satisfy the highly deferential *Strickland* test because he failed to show that his trial counsel's performance was deficient. *Strickland*, 466 U.S. at 687. Defense counsel argued at trial that Petitioner was not guilty of either the greater or lesser offenses because he was acting in self-defense. ECF 6-5, PgID 291. And the prosecution did not argue that self-defense only applied to the lesser offense; instead, they argued simply that Petitioner did not act in self-defense. *Id.* at 288–91. Taken together, neither counsel's argument suggested that the defense of self-defense only applied to the greater offense. And the trial court properly instructed the jury on self-defense without differentiating between the greater and lesser offenses. *Id.* at 144 ("A person has the right to use force or even take a life to defend himself under certain circumstances."). Thus, if anything, the jury was more likely to assume that the defense of self-defense applied to both the greater and lesser offenses, not merely one of them. And Petitioner provided no facts that would otherwise support his entirely inferential argument. *See* ECF 1. In sum, Petitioner failed to show that his trial counsel's performance was deficient. Specifically, Petitioner was not prejudiced by his trial counsel's failure to seek a more

7

explicit self-defense instruction. Thus, the Court need not progress to considering the second *Strickland* element, which is whether the deficiency prejudiced Petitioner.

IV. <u>Sixth Amendment Right to Counsel</u>

A petitioner who establishes a violation of the right to counsel under *United States v. Cronic*, 466 U.S. 648, 659–60 (1984) need not demonstrate that he was prejudiced by his counsel's actions. *Bell v. Cone*, 535 U.S. 685, 695–96 (2002). But *Cronic*'s presumption of prejudice is warranted only (1) when the petitioner "is denied the presence of counsel at 'a critical stage' and suffers 'the complete denial of counsel,' or (2) when 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.'" *Id.* (cleaned up).

Petitioner argued that his trial counsel's failure to interview any of the trial witnesses equated to a failure to subject the prosecutor's case to meaningful adversarial testing under the second *Cronic* prong. ECF 1, PgID 3–4. And that failure, argued Petitioner, violated his Sixth Amendment right to counsel. *Id.* The Court disagrees. The presumption of prejudice under the second *Cronic* prong applies only when counsel's failure is "complete." *Bell*, 535 U.S. at 697. And failing to interview witnesses, without more, is not enough to establish a complete failure. *See, e.g., Altman v. Winn*, 644 F. App'x. 637, 641 (6th Cir. 2016) (refusing to apply *Cronic* presumption of prejudice to claim that defense counsel "fail[ed] to conduct any meaningful investigation" and failed to interview "crucial witnesses"); *Howard v. Warren*, 2:19-cv-10316, 2020 WL 3036328, at *9 (E.D. Mich. June 5, 2020) (refusing

8

to apply *Cronic* presumption to claim that defense counsel failed to interview the only two prosecution witnesses who identified him as the shooter).

What is more, Petitioner's argument is not supported by the evidence. Despite his admitted failure to interview witnesses before trial, defense counsel thoroughly examined the witnesses at trial and adequately presented Petitioner's case. Nor is this a case in which there was an obvious need to interview multiple trial witnesses. The only two people present during the incident were Petitioner and Pippen. And the only other witnesses to testify at trial were Petitioner's mother and the police officers who were at the scene of the incident. Thus, because defense counsel did not "entirely fail[] to subject the prosecution's case to meaningful adversarial testing," *Cronic*, 466 U.S. at 659, Petitioner's argument fails.

V. Impartial Judge

Petitioner next contended that the State trial court invaded the province of the jury and violated his right to an impartial judge when it referred to Pippen as the "victim." ECF 1, PgID 4. Trial judges must be unbiased and impartial. *In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases."); *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997) ("[T]he Due Process Clause clearly requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of his particular case.") (quotation marks and quotation omitted).

9

Petitioner identified only one instance when the trial court referred to Pippen as the victim: when the trial court was relaying a question from the jury to one of the testifying police officers regarding the photo identification procedure used to identify Petitioner. ECF 6-5, PgID 257. Specifically, the trial court asked the witness, "Did you say [that] [Petitioner] was [identified] by one of the victim's family members, and used to make the photo lineup?" *Id.* Simply put, the trial court's one-time use of the word victim did not violate the requirement that trial judges be unbiased and impartial. The term was used once, and it was used in a context that did not inhibit the jury from making its own determination whether Petitioner's conduct was unlawful. And Petitioner provided no facts suggesting that the trial court's use of "victim" prejudiced the jury against him. *See* ECF 1. Accordingly, Petitioner's argument lacks merit.

VI.  Jury Instruction

Petitioner claimed that his trial counsel was ineffective for failing to request a jury instruction limiting the jury's consideration of evidence that Petitioner had prior felony convictions. ECF 1, PgID 4. But the decision of whether to request a limiting instruction as to a prior conviction is widely regarded as a tactical decision that falls within the discretion of counsel. *See, e.g., Ashe v. Jones*, No. 98-1324, 2000 WL 263342, at *6 (6th Cir. Feb. 29, 2000). And Petitioner presented no evidence suggesting that his counsel's exercise of that discretion was so deficient as to cause him prejudice or that the result of his trial would have been different with a limiting instruction. *See* ECF 1. His claim therefore fails.

10

VII. <u>Ineffective Assistance of Appellate Counsel</u>

Last, Petitioner argued that his appellate counsel was ineffective for failing to raise the issues raised in his motion for relief for judgment on direct appeal. ECF 1, PgID 4. Claims of ineffective assistance of appellate counsel are governed by the same standard as claims of ineffective assistance of trial counsel. *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010); *see Strickland*, 466 U.S. at 687. Demonstrating the necessary deficiency to succeed on a claim of ineffective assistance of appellate counsel requires a petition to show that (1) appellate counsel acted unreasonably in failing to discover and raise nonfrivolous issues on appeal and (2) there is a reasonable probability he would have prevailed on appeal if his attorney had raised the issues. *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000) (citation omitted).

As explained above, the claims raised in Petitioner's motion for relief from judgment lack merit. And "by definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Thus, because there is not a reasonable probability that Petitioner would have prevailed on appeal if his appellate attorney had raised the claims in his motion for relief from judgment, Petitioner cannot show that he was prejudiced by appellate counsel's performance.

VIII. <u>Certificate of Appealability</u>

Before Petitioner may appeal this decision, the Court must determine whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue "only if the applicant has made a substantial showing of the

11

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks and quotation omitted). The Court finds that reasonable jurists would not debate the resolution of Petitioner's claims. Thus, the Court will deny a certificate of appealability.

**WHEREFORE**, it is hereby **ORDERED** that the petition for writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 30, 2024

12